DONALD EUGENE HOSKINS *v.* STATE OF INDIANA.

[No. 277S120. Filed April 19, 1978.]

*John D. Clouse,* of Evansville, for appellant.

*Theodore L. Sendak,* Attorney General, *Elmer Lloyd Whitmer,* Deputy Attorney General, for appellee.

GIVAN, C.J.—Appellant was charged with murder in the first degree. He was convicted of second degree murder and sentenced to a term of 15 to 25 years.

The appellant and the decedent, Ricky Boyer, had been good friends until a couple of weeks prior to the shooting. At that time they had parted over a business disagreement. On the evening of March 20, 1976, the two encountered each other at the Dodge Inn in Evansville. An altercation occurred in which each threatened the other. Following the altercation the appellant claimed he was afraid and borrowed a gun for his protection. A short time later appellant, with a group of his friends, saw Boyer as they approached the Club Paradise. Although Boyer's companions claim that Boyer had no gun that evening, the appellant claims he saw Boyer pull a gun from his waist, whereupon Hoskins started firing. Boyer was hit in the chest and died shortly afterward.

Following the shooting Hoskins fled to the house of a friend. He called his mother, informed her of the incident and asked to see his brother-in-law, Officer Marvin Cooper of the Evansville Police Department. Cooper arrived to find Hoskins sitting on the couch and four empty shell casings on the floor nearby. Appellant was then taken to police headquarters and placed under arrest. At his trial appellant claimed self-defense.

Appellant claims the trial court erred in excluding evidence that the decedent Boyer was a drug user. This evidence, he argues, is pertinent to his claim that Boyer had a reputation for belligerence, thereby necessitating appellant's procurement of a gun for his protection. In *Niemeyer* v. *McCarty,* (1943) 221 Ind. 688, 51 N.E.2d 365, this Court held that where self-defense is an issue the defendant may introduce evidence of his good reputation for

peace and quiet and of the bad reputation of his adversary. See also *Miller* v. *State,* (1960) 240 Ind. 398, 166 N.E.2d 338. Addressing the precise issue in question here, the Court of Appeals in *Nuss* v. *State,* (1975) 164 Ind. App. 396, 328 N.E. 2d 747, held that the defendant was entitled to present to the jury evidence that the decedent was a drug user. We hold that appellant should have been permitted to adduce evidence of decedent's reputation for using drugs. However, the error in this instance was harmless. Although the trial court sustained objections to the questions at the time, one of the witnesses later did in fact testify that she had heard that the decedent had a reputation for getting high on drugs. Also, in closing argument, defense counsel asserted without objection that the use of drugs was part of the life-style of the people in that area of the city and that no one had contradicted the fact that the decedent "got high on drugs." It is clear that the matter was in fact not kept from the jury; therefore any error in excluding such evidence at one time during the trial was cured and does not constitute sufficient grounds to reverse this conviction.

Appellant next contends it was error to admit the testimony of the hospital orderly and the ambulance driver who heard Boyer tell a police officer that Hoskins had shot him. He argues that at the time of the declaration, Boyer did not have a firm belief that his death was imminent. It is true that in order for a dying declaration to be admissible it must be shown that the declarant knew that death was certain or that he had given up hope for recovery. *Walker* v. *State,* (1976) 265 Ind. 8, 349 N.E.2d 161. In the case at bar one witness testified that Boyer was thrashing around and asking those around him to let him die. The other witness testified that Boyer was saying, "I'm hurt, I'm dying, leave me alone." From this evidence the trial court in its discretion could reasonably have found that the declarant believed his death was certain. Thus there was no error in admitting the evidence as a dying declaration of the decedent.

Appellant next argues the court erred in sustaining the State's objection to a question propounded by defense counsel during cross-examination. The question asked was why the witness (who was a juvenile) was on probation at the time. This Court has often held that juvenile records are not admissible at trial for purposes of impeachment. *Shelby* v. *State,* (1972) 258 Ind. 439, 281 N.E.2d 885; *Noel* v. *State,* (1966) 247 Ind. 426, 215 N.E.2d 539. See also IC § 31-5-7-15 [Burns 1975]. The trial court did not commit error in sustaining the State's objection to the question.

Appellant next claims the trial court erred in sustaining the State's objection to a question on cross-examination of the State's witness, Michael McBain. Defense counsel asked McBain whether it was common knowledge that Boyer had been involved in a prior shoot out in nearby Oakdale. This precise question was recently decided in *Logston* v. *State,* (1977) 266 Ind. 395, 363 N.E.2d 975. In that case this Court held even though the cross-examination of a State witness may be broad in order to insure a full and fair exposure of all the facts relevant to the case, this does not call for a suspension of the rules of evidence. The question called for hearsay as to a specific act by Boyer. The ruling of the trial court was correct.

Appellant next claims the trial court erred in overruling his objection to testimony of Officer Cooper concerning the four empty shell casings he found lying on the floor at the time he took appellant into custody. The requirement that one be advised of his constitutional rights is applicable only where the person is in custody or otherwise deprived of his freedom of action in any significant way. *Miranda* v. *Arizona,* (1966) 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694. The rule is not applicable to general on-the-scene investigations in a non-coercive atmosphere. *Miranda* v. *Arizona, supra; Stallings* v. *State,* (1970) 255 Ind. 365, 264 N.E.2d 618, *cert. denied* 402 U.S. 997. In the case at bar

Officer Cooper was requested to go to the house to see the appellant. Appellant was not in custody or deprived of his freedom of action, nor was he subject to any coercion at the time the shell casings were observed by Officer Cooper. Moreover, the situation comes within the plain view rule as enunciated in *Harris* v. *U.S.*, (1968) 390 U.S. 234, 88 S.Ct. 992, 19 L.Ed.2d 1067 and *Millar* v. *State*, (1973) 260 Ind. 368, 295 N.E.2d 814. We therefore hold the testimony as to the shell casings was admissible.

Appellant also claims the trial court erred when Officer Cooper testified that he asked the appellant where the gun was and that he found the gun in the bedroom. Upon objection to this testimony, the court conducted a hearing out of the presence of the jury and ruled that because the constitutional warnings had not been given, the testimony regarding the gun would not be admitted. The jury was brought back into the courtroom and was thoroughly admonished to disregard the testimony concerning the gun. This Court has held that an admonishment presumptively cures error in the admission of evidence unless the contrary is shown. *Carmon* v. *State*, (1976) 265 Ind. 1, 349 N.E.2d 167. We hold that the admonishment of the jury by the trial court was sufficient in the case at bar.

Appellant next claims there was prejudicial error as a result of a comment made by the prosecuting attorney during closing argument. The prosecutor commented that the only person who had testified that the defendant was an outsider in the black community was the defendant himself. After an objection by the appellant and a hearing, the court sustained appellant's objection and admonished the jury to disregard the statement of the prosecutor. Appellant then moved for a mistrial on grounds of insufficient admonishment, which motion was overruled. Assuming *arguendo* that the comment was improper, there was no error. This Court has held, "where it appears that reasonable and prompt measures are taken by the trial court to

prevent any injurious effects from such improper remarks . . ." the harm will be presumed to have been cured. *Rowley* v. *State,* (1972) 259 Ind. 209, 216, 285 N.E.2d 646, 650.

In the case at bar the trial judge immediately admonished the jury to disregard the prosecutor's comment. We therefore hold any possible error by the prosecutor was cured by the court.

Appellant contends the trial court erred in refusing to give two instructions on self-defense. However the court gave four other instructions on the subject. An instruction may be refused without error if the subject is sufficiently covered by other instructions. *Timm* v. *State,* (1976) 265 Ind. 537, 356 N.E.2d 222. The Court has examined the instructions in the case at bar and finds the subject of self-defense was adequately covered by instructions given by the court. There therefore was no error in refusing appellant's tendered instructions.

Appellant also claims the trial court erred in refusing to give two of his instructions on the subject of resolving conflicts in the evidence. Here again the subject was adequately covered by instructions given by the trial court. The court, therefore, did not err in refusing to give appellant's tendered instructions on the same subject.

Finally the appellant contends the verdict is not supported by sufficient evidence and is contrary to law solely because of the State's failure to adequately respond to his motion to reveal any consideration given to witnesses for their testimony. At the time one of the witnesses was incarcerated in the Boys' School while the other was on probation. In *Adler* v. *State,* (1967) 248 Ind. 193, 225 N.E.2d 171, this Court held that in order for the jury to have all the facts and circumstances upon which to judge the credibility of a witness, the State must disclose any promises, grants of immunity or rewards offered in return for his testimony. Thus in the case at bar the State was under a continuing duty to disclose any rewards promised these witnesses for testify-

ing. This was in fact done by the prosecuting attorney, who made a statement that he was the one responsible for the prosecution of the case and that had any promises or deals been made with the witnesses, he would have known about it and that to his knowledge no offers or deals had been made. The appellant can hardly expect more than such an unequivocal response from the prosecuting attorney to such a question.

We find no reversible error in this case. The trial court is, in all things, affirmed.

Hunter, Pivarnik and Prentice, JJ., concur; DeBruler, J., concurs in result without opinion.

NOTE.—Reported at 375 N.E.2d 191.