**Robert A. DISHMAN, Appellant,**

v.

**STATE of Indiana, Appellee.**

No. 06S00–8708–CR–791.

Supreme Court of Indiana.

July 5, 1988.

Paul H. Johnson, Jr., Donaldson, Andreoli & Truitt, Lebanon, for appellant.

Linley E. Pearson, Atty. Gen., Gary Damon Secrest, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Justice.

A jury trial resulted in a conviction of appellant for Robbery, a Class B felony, for which he received twenty (20) years; Intimidation, a Class C felony, for which he received five (5) years, enhanced by twenty (20) years by reason of his status as an habitual offender; and Criminal Confinement, a Class B felony, for which he received twenty (20) years, all sentences to run concurrently.

The facts are: Appellant was charged with the above crimes on July 7, 1986. On that same date, attorney April A. Hansen appeared on appellant's behalf. On July 17, appellant filed a motion for a change of venue from the county and a motion for change of judge. Subsequently, appellant withdrew the motion for change of judge. On October 24, 1986, April Hansen filed a motion to withdraw her appearance as counsel for appellant. The motion was granted and Paul H. Johnson, Jr., entered his appearance as attorney for appellant on October 29, 1986.

On November 13, 1986, appellant filed a renewal of his motion for change of judge. On November 13, 1986, the court overruled appellant's motion for change of judge but sustained his motion for a continuance. On

November 24, 1986, appellant again renewed his motion for change of judge. After a hearing, the same was overruled. On January 21, 1987, appellant filed a motion for continuance from a previous trial setting of January 26, 1987. After a hearing, the court overruled the motion for continuance.

On the day of trial, prior to impaneling a jury, appellant renewed his motion for continuance and moved to discharge Paul H. Johnson, Jr. as his attorney. The court overruled appellant's motion for continuance and appointed Paul H. Johnson, Jr. to continue as counsel for appellant. The trial was commenced immediately.

The evidence concerning the charged crimes is as follows: Mark Brown was the manager of Wendy's Restaurant in Lebanon, Indiana. Between 1:00 and 2:00 a.m., on July 5, 1986, he was in the process of closing the establishment. He had placed the day's receipts in the safe and was walking around the building to make sure the doors were locked when a person later identified as appellant came in behind him with a knife. This person was wearing blue jeans, a blue long-sleeved sweat shirt, and a blue ski mask. He told Brown to open one of the doors, and they went into the office, turned on the light, and Brown, after being told to do so, opened the safe and gave the money to the robber.

After the robber left, Brown called the police. He gave the officers a description of the robber's clothing, ski mask, and a physical description as to height and weight. A short time later the officer observed a black Firebird proceeding on the street and noticed the passenger slide down in the seat, apparently attempting to avoid the observation of the officer. The officer stopped the vehicle and observed that the passenger fit the description Brown had given him of the robber. Appellant was detained until the officers could bring Brown to the scene of the arrest for identification. Although Brown had not been able to see his assailant's face due to the mask, he was able to identify appellant by his clothing and his height and weight.

Appellant claims the identification confrontation violates due process when one considers the totality of the circumstances surrounding such confrontation. Appellant first cites the general proposition of law that the practice of showing suspects singularly to victims or witnesses to a crime is generally condemned. However, this Court has held that it is entirely proper when an arrest is made in a very short time after a crime has been committed and that it is in fact "valuable to have the witness view a suspect while the image of the perpetrator is fresh in the witness's mind; indeed, the immediacy of the incident substantially diminishes the potential for misidentification." *Hill v. State* (1982), Ind., 442 N.E.2d 1049, 1052. The trial court did not err in permitting the identification evidence.

Appellant claims the trial court erred in denying his motion for change of judge. Appellant points out that the presiding judge in this case had been prosecuting attorney in Boone County immediately before assuming the bench. In his capacity as prosecuting attorney, he had prosecuted appellant in the two cases on which the habitual offender charge was based.

In this situation, the trial judge would have erred had there been any factual contesting of the prior convictions. However, such was not the case here. Once the certified convictions were presented to the jury, the determination of the status as habitual criminal was virtually a foregone conclusion. There is no indication in this situation that the trial judge's personal knowledge of appellant's prior convictions in any way played a part in the jury's determination as to the status of habitual offender.

Appellant cites *Calvert v. State* (1986), Ind.App., 498 N.E.2d 105 in support of his contention. However, in *Calvert* the presiding judge had acted as prosecuting attorney in the charges before him prior to their being dismissed and refiled under another cause number. In *Calvert,* the judge had been the prosecuting attorney in the same case for which he was being called upon to preside as judge. This obviously

presented a disqualification based upon his service as an attorney in the matter in controversy.

As above pointed out, this is not the situation in the case at bar. Appellant had first asked for a change of judge and then had withdrawn his request at which time he stated that he knew of no bias and prejudice of the trial judge. When one considers appellant's overall pretrial conduct in this case, it becomes apparent the trial judge had ample evidence before him that appellant was using various devices to avoid going to trial. Under the circumstances, the trial judge was justified in overruling the motion for change of judge.

Appellant claims the trial court erred in denying his continuance and in appointing Paul H. Johnson, Jr. as his attorney when appellant informed the court that he was discharging Johnson. The record in this case clearly indicates that appellant was fully aware of the trial date well in advance, that he had filed motions, asked for continuance, changed attorneys, and, in general, had attempted to frustrate the court in bringing him to trial. The trial judge had demonstrated patience in this matter up to the point now complained of by appellant. The trial judge in this case had come to the point where it was obvious that if the trial was to take place it would take place over the objection of appellant.

We would further note that appellant has shown no prejudice resulting from the denial of his continuance or from the continued service, by order of the court, of Paul Johnson, Jr. as defense counsel. In the absence of such showing of prejudice, this Court will not reverse. *Parr v. State* (1987), Ind., 504 N.E.2d 1014; *Hooks v. State* (1977), 266 Ind. 678, 366 N.E.2d 645.

The trial court did not err in ordering Paul Johnson, Jr. to continue as court-appointed counsel for appellant nor did he err in refusing the continuance.

The trial court is affirmed.

SHEPARD, C.J., and DeBRULER, PIVARNIK and DICKSON, JJ., concur.