Ronald Eugene RANKIN, Appellant,

v.

STATE of Indiana, Appellee.

No. 10S00–8908–CR–640.

Supreme Court of Indiana.

Nov. 27, 1990.

Vicki L. Carmichael, Chief Public Defender, Jeffersonville, for appellant.

Linley E. Pearson, Atty. Gen., Gary Damon Secrest, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Justice.

A jury trial resulted in the conviction of appellant of Murder. He was sentenced to the presumptive term of forty (40) years enhanced by thirty (30) years by reason of a finding of habitual offender status.

The facts are: During the early morning hours of August 21, 1988 a number of people were drinking and congregating around a crap game being played in the street of the Greenwood Apartments complex in Jeffersonville, Indiana. In the course of the crap game which lasted several hours, appellant became involved in various altercations with other participants: he struck Derek Harvey after an exchange of words; he knocked down an unidentified woman after she insulted him; and he drew a pistol and aimed it at Steve McEwen to end a dispute between McEwen and appellant's brother, Greg.

Later, Michael Kinnard, the victim in this case, left the group and began to drive away; he then turned his car around and accelerated toward the crap game, braking and stopping just short of the scattering participants. Appellant and his brother Greg immediately confronted Kinnard. Appellant entered the passenger side of the car and throttled him, while Greg, who had been bickering with Kinnard earlier, now threatened him with a knife. When that confrontation calmed down, Kinnard drove his car a short distance away and parked it.

He opened the trunk and took out an air rifle which was perceived by witnesses to be a firearm. He then approached the crap game on foot, again causing the participants to scatter. At some point in the melee, appellant and Greg began to chase Kinnard. When they caught him, a struggle ensued over the air rifle. Appellant ordered him to "get down" and then shot him in the upper chest. Kinnard collapsed and died from loss of blood.

Appellant contends the trial court erred in denying his motion to sequester the jury because of "extensive" coverage in the press of the killing of Kinnard. The trial court denied the motion, ruling that daily admonishments to the jury to avoid exposure to media coverage of the trial would suffice. Appellant concedes the holding in *Schweitzer v. State* (1989), Ind., 531 N.E.2d 1386 that in a non-capital case, sequestration of the jury falls within the trial court's discretion, and to demonstrate an abuse of that discretion the appellant must show the jurors were exposed to trial publicity or violated an admonition to refrain from viewing such coverage.

Appellant argues he was prejudiced here because several jurors admitted having seen press coverage of the case over the weekend between the murder trial and the habitual offender phase. The trial court polled the jurors at the outset of the habitual phase. They all stated they could be impartial during the habitual determination. Appellant claims the fact they had been exposed to coverage of the murder phase over the weekend suggests they might have been so exposed during the murder trial and thus his motion for mistrial made at that time should have been granted, citing *Corder v. State* (1984), Ind., 467 N.E.2d 409. There this Court held the defendant had not established sufficient prejudice because the court's questioning revealed no media exposure of the jurors.

A showing of exposure alone is not *per se* tantamount to establishing prejudice. The exposure to publicity must be shown to have adversely affected the jurors' ability to be impartial. *See Schultz v. State* (1986), Ind., 497 N.E.2d 531. Here,

the exposure occurred over the weekend, after the verdict was returned in the murder trial. Appellant makes no showing that the jurors failed to heed the court's admonishment during the murder trial itself. Moreover, each exposed juror affirmed that the weekend coverage of the murder trial had not prejudiced his ability to reach a decision in the habitual offender phase.

There was no error in denying appellant's motions for sequestration and for mistrial.

Appellant contends the trial court erred in admitting testimony regarding his battery of the unidentified white female prior to the shooting of Kinnard. Three State's witnesses testified the woman had been in an argument with appellant and had spit on him or made an obscene gesture, and he responded by striking her in the face, knocking her down. Citing *Maiden v. State* (1985), Ind., 477 N.E.2d 275 for the proposition that evidence of prior bad acts generally is inadmissible, he argues the evidence served merely to inject the issue of race, noting he is black and the battered woman and most of the jurors were white.

Appellant cites *Gray v. State* (1986), Ind., 500 N.E.2d 1200 in which we reversed a conviction for voluntary manslaughter due to the erroneous admission of evidence of a fight occurring two months prior to the crime charged. We found no viable connection as the two fights occurred at different times and places and involved different people and circumstances. Appellant reasons the battery on the woman here is similarly remote and irrelevant because the woman, who was not identified, was struck at some unspecified time during the dice game, while Kinnard was shot in a nearby alley.

■ Evidence of unrelated criminal activity is admissible when it completes the story of the transaction or reveals the accused's state of mind. *McCormick v. State* (1982), Ind., 437 N.E.2d 993. Here, the evidence of appellant's striking of the woman some thirty to forty-five minutes before the shooting was relevant to his belligerent state of mind and admissible, as

was that of the other three altercations preceding the shooting, which incidents were explored by the State without objection. While the woman's race was not relevant, appellant in his motion *in limine* failed to specifically request exclusion of that fact. Two of the three witnesses mentioned her race merely as a means of describing and identifying the battery victim. The brief reference to her race was not so prejudicial as to render evidence of the incident inadmissible.

Appellant contends the trial court erred in granting the State's motion *in limine* prohibiting him from introducing evidence of the victim's prior drug use and in excluding testimony regarding drug paraphernalia found in the victim's car trunk. He argues this evidence was relevant to his claim of self-defense and its exclusion thus prejudiced his substantial rights, citing *Hoskins v. State* (1978), 268 Ind. 290, 375 N.E.2d 191 and *Nuss v. State* (1975), 164 Ind.App. 396, 328 N.E.2d 747.

■ Evidence going to the accused's apprehension of harm is relevant to a claim of self-defense only if the accused was aware of it at the time of the killing. *Feliciano v. State* (1985), Ind., 477 N.E.2d 86. In *Hoskins, supra*, we held the defendant should have been allowed to present evidence of the victim's reputation for drug use where the victim was well-known to the defendant. In *Nuss, supra*, the issue was whether the defendant, from what others had told him about the victim, thought he might have been under the influence of drugs and hence more dangerous.

■ Here, the trial court allowed evidence of the participants' and witnesses' drug use on the night of the killing, and a toxicology report admitted by stipulation showed the victim had a blood alcohol content of .18 percent and his urine contained cannabinoids, evidencing significant alcohol and marijuana use. There is, however, no showing that appellant had knowledge of the paraphernalia in the victim's car trunk at the time of the killing. Testimony as to the paraphernalia thus was not relevant to

**536**

his self-defense claim and was properly excluded.

Appellant contends the trial court erred in denying his motions to strike the habitual offender information, for a continuance, and for a change of judge. The habitual offender information, filed about one week before trial, alleged prior felony convictions in 1973 and in 1983. The trial judge, then prosecuting attorney, had signed the information charging the 1973 felony, and his wife, then a probation officer, had prepared a presentence report in the 1983 conviction. The judge asked both parties whether they intended to call him as a witness regarding identity or factual proof of the convictions, and when both sides said no, he denied the motion for change of judge.

Appellant argues the judge should have recused himself to enable defense counsel to factually dispute any connection between appellant and the prior convictions. He cites *Pointer v. State* (1986), Ind., 499 N.E.2d 1087 in which this Court held there must be supporting evidence to identify the defendant as being the same person named in the documentary evidence of the prior convictions, and that the testimony in that case of the former prosecutor and probation officer was necessary to connect the defendant with the prior felonies alleged. In the case at bar, appellant maintains his trial counsel was ineffective for failure to challenge the proof of the prior convictions by calling the judge as a witness. Trial counsel's inexperience with habitual offender proceedings was cited as the basis for his motion for continuance. He contends denial of his motion was prejudicial error because it resulted in counsel's inability to contest the State's habitual offender evidence.

For the denial of the change of judge motion to have been error, there must have been a factual dispute as to the prior convictions. *Dishman v. State* (1988), Ind., 525 N.E.2d 284. Similarly, for appellant's ineffective assistance of counsel argument to prevail, it must be shown that the omitted act would have been effective such that the result of the proceeding would have been different. *Miller v. State* (1989), Ind., 541 N.E.2d 260. Thus to show error, appellant must demonstrate that counsel would have succeeded in contesting the prior convictions.

Appellant maintains trial counsel could have contested the prior convictions due to an age discrepancy. Appellant was born August 29, 1954 and the entry of judgment of the 1973 conviction states the defendant's age then as 18, while appellant claims he then was 19. However, that document is dated March 8, 1973, over five months prior to appellant's nineteenth birthday; thus no age discrepancy is shown.

Moreover, the State's proof included physical descriptions and photographs of the person convicted in both 1973 and 1983. The jury was entitled to find that appellant was that person. Because the suggested challenge to the habitual offender evidence would have proven fruitless, counsel was not ineffective for his failure to attempt it. *Miller, supra.* The trial court did not err in denying the motions for continuance and for change of judge. (Appellant fails to pursue denial of the motion to strike.)

The trial court is affirmed.

SHEPARD, C.J., and DeBRULER, PIVARNIK and DICKSON, JJ., concur.