## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Feb 10 2016, 7:15 am

*Kevin S. Smith*

**CLERK**
of the supreme court,
court of appeals and
tax court

APPELLANT *PRO SE*

James Phillips
Michigan City, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Monika Prekopa Talbot
Deputy Attorney General
Indianapolis, Indiana

## IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| James Phillips, *Appellant-Petitioner,* | February 10, 2016 |
| v. | Court of Appeals Case No. 49A02-1507-PC-905 |
| | Appeal from the Marion Superior Court |
| State of Indiana *Appellee-Respondent.* | The Honorable Kurt Eisgruber, Judge |
| | Trial Court Cause No. 49G01-9106-PC-77267 |

**Bradford, Judge.**

# Case Summary

[1] In 1992, Appellant-Defendant James Phillips was convicted of two counts of attempted murder and one count of resisting arrest. Phillips was found to be a habitual offender and received a 100-year aggregate sentence. In 2014, Phillips filed a *pro se* petition for post-conviction relief ("PCR") in which he claimed that his trial counsel was ineffective for failing to request a change of judge. Phillips argues that the trial court judge should have recused herself because she was a prosecutor on one of the cases which formed the basis for his habitual offender enhancement. The post-conviction court denied Phillips's petition. We affirm.

## Facts and Procedural History

[2] The events underlying the instant matter occurred in the early morning hours of June 13, 1991. Phillips was standing alone outside of a nightclub while Indianapolis Police Officers Michael Smith and Timothy Day were asking patrons to disperse. At some point, Phillips approached Officer Smith from behind and shot Officer Smith twice in the back. Officer Day ordered Phillips to stop and Phillips turned and fired a shot at Officer Day, which missed, before fleeing the scene.

[3] Phillips was convicted of two counts of Class A felony attempted murder and one count of Class D felony resisting arrest. Phillips was also found to be a habitual offender and sentenced to an aggregate term of 100 years of imprisonment. Phillips subsequently filed a direct appeal raising several claims. In a memorandum decision, this court affirmed the trial court in all respects. *Phillips v. State*, 49A02-9301-CR-5 (Ind. Ct. App. April 7, 1994) *trans. denied*.

[4] On July 17, 1995, Phillips filed a PCR petition, which he later withdrew. Phillips *pro se* filed a new PCR petition in 2012, which he amended on October 29, 2014. In his petition, Phillips claims that his trial counsel was ineffective for failing to request that the trial judge recuse herself, and that his appellate counsel was ineffective for failing to raise the issue on appeal. Specifically, Phillips claims that the trial court judge should have recused herself because she was a deputy prosecutor involved in a previous case against him which formed the basis for his habitual offender enhancement.

[5] The post-conviction court held an evidentiary hearing on January 13, 2015 where Phillips repeated his arguments but presented no additional evidence. On June 30, 2015, the post-conviction court issued an order denying Phillips's request for relief, which Phillips now appeals.

# Discussion and Decision

[6] This Court reviews claims of ineffective assistance of counsel under the two components set forth in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). First, the defendant must show that counsel's performance was deficient. This requires a showing that counsel's representation fell below an objective standard of reasonableness, and that the errors were so serious that they resulted in a denial of the right to counsel guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defendant. To establish prejudice, a defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.

*Wentz v. State*, 766 N.E.2d 351, 360 (Ind. 2002) (citations omitted).

[7] Again, Phillips claims that his trial counsel was ineffective for failing to request the trial court judge, Judge Paula Lopossa, recuse herself, and that his appellate counsel was ineffective for failing to raise this issue on appeal. Specifically, Phillips argues that Judge Lapossa served as deputy prosecutor on his 1976 murder case and so it was a violation of Canon 3C(1) of the Code of Judicial Conduct for her to subsequently serve as judge over his 1992 attempted murder case.[1]

[8] At the time of Phillips's trial, Canon 3C(1) provided as follows:

> (1) A judge should disqualify himself in any proceeding in which his impartiality might reasonably be questioned, including but not limited to instances where:
>
> (a) he has personal bias or prejudice concerning one of the parties or has personal knowledge of disputed evidentiary facts concerning the proceeding;
>
> (b) he served as a lawyer in the matter in controversy….

*Calvert v. State*, 498 N.E.2d 105, 107 (Ind. Ct. App. 1986). As the post-conviction court noted, Phillips does not allege that Judge Lopossa had any personal bias or prejudice toward him. Phillips argues that Judge Lopossa violated subsection (b), "[serving] as a lawyer in the matter in controversy,"

---

[1] The only evidence in the record of Judge Lapossa's activity on the previous case is a copy of Phillips's commitment record to the Indiana Department of Correction in 1976 which was signed by Lopossa as Deputy Prosecuting Attorney.

because the prior murder conviction—on which Judge Lopossa may have been the deputy prosecutor—was used as one of the predicate offenses supporting the imposition of a habitual offender enhancement in this case. We disagree.

[9] Even assuming Judge Lopossa did act as prosecutor on a case forming the basis of Phillips's subsequent habitual offender enhancement, we have previously held that such a circumstance does not entitle a defendant to a change of judge. *See Dishman v. State*, 525 N.E.2d 284 (Ind. 1988) (defendant was not entitled to change of judge, even though presiding judge had been prosecuting attorney before assuming the bench and had prosecuted defendant in two cases which formed basis for habitual offender charge); *see also Gunter v. State*, 605 N.E.2d 1209 (Ind. Ct. App. 1993) (a judge's involvement as the prosecuting attorney on the convictions supporting a habitual offender allegation was not cause for disqualification absent showing of actual bias) and *Sisson v. State*, 985 N.E.2d 1, 19 (Ind. Ct. App. 2012).

[10] Based on this precedent, it is highly unlikely that a request for a change of judge by Phillips's trial counsel would have been successful. Phillips has not alleged any actual bias, and considering the long period of time between the habitual offender enhancement and the prior conviction (over fifteen years), we are convinced that there is not even the slightest appearance of bias in this case. Accordingly, we affirm the post-conviction court's determination that trial counsel was not ineffective for failing to request a recusal and that appellate counsel was likewise not ineffective for failing to raise the issue on appeal.

The judgment of the post-conviction court is affirmed.

Baker, J., and Pyle, J., concur.