## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Dec 29 2016, 9:31 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Cynthia M. Carter
Law Office of Cynthia M. Carter, LLC
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Eric P. Babbs
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Jeffrey R. Chaney,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff*

December 29, 2016

Court of Appeals Case No.
73A01-1604-CR-767

Appeal from the Shelby Superior Court

The Honorable R. Kent Apsley, Judge
The Honorable Charles O'Connor, Judge

Trial Court Cause No.
73D01-1502-FA-2

**Baker, Judge.**

[1] Jeffrey Chaney appeals the trial court's finding that he is an Habitual Offender,[1] as well as the sentence imposed by the trial court for that finding plus his convictions for Class A Felony Child Molesting[2] and Class C Felony Child Molesting.[3] With respect to the Habitual Offender finding, Chaney contends that (1) the trial judge should have recused himself from the sentencing portion of the proceedings because he was the prosecutor for two of the underlying convictions supporting the finding; and (2) there is insufficient evidence supporting the finding. Chaney also contends that the sentence imposed by the trial court is inappropriate in light of the nature of the offenses and his character. Finding no error, sufficient evidence, and that the sentence is not inappropriate, we affirm.

# Facts

[2] Chaney is the biological father of P.L.C., who was born in 2005. Beginning when P.L.C. was four or five years old, Chaney molested P.L.C. by touching, oral sex, and vaginal and anal intercourse. The molestations occurred every week, often twice per week, during the years that she lived with Chaney. Chaney often made P.L.C. say to him, "I want you" and "I love you" and sometimes called her "b*tch." Tr. p. 403-04; State Ex. 2, 3. P.L.C. remembered that Chaney had molested her while they lived at her uncle's

---

[1] Ind. Code § 35-50-2-8.

[2] Ind. Code § 35-42-4-3.

[3] *Id.*

house, which was in a trailer park. The family moved to that address on May 7, 2013.

[3] On February 6, 2015, the State charged Chaney with child molesting as a class A and a class C felony. On October 15, 2015, the State filed an allegation that Chaney was an habitual offender.

[4] Chaney's bifurcated jury trial began on February 23, 2016. By agreement of the parties, Judge Apsley presided over the guilt and sentencing phases, while Judge O'Connor presided over the enhancement phase. The parties and the trial court made this arrangement because Judge Apsley had been the elected prosecutor when Chaney received his prior convictions supporting the habitual offender allegation. On February 24, 2016, the jury found Chaney guilty as charged of the two felony offenses. The next day, Judge O'Connor presided over the enhancement phase, and the jury returned a finding that Chaney was an habitual offender.

[5] On March 23, 2016, Judge Apsley conducted the sentencing hearing. Chaney received a sentence of forty-three years, with three years suspended, for the class A felony conviction, and a concurrent sentence of eight years for the class C felony. The trial court enhanced the sentence by thirty years for Chaney's status as a habitual offender, for an aggregate seventy-three-year term. Chaney now appeals.

# Discussion and Decision

## I. Recusal

First, Chaney argues that Judge Apsley was prohibited from presiding over the sentencing hearing by the Judicial Canons. Initially, we note that Chaney's attorney did not object to this process; consequently, he has waived this argument. *See Carr v. State*, 799 N.E.2d 1096, 1098 (Ind. Ct. App. 2003) (holding that timeliness is important on recusal issues and "a party may not lie in wait and only raise the recusal issue after receiving an adverse decision").

Waiver notwithstanding, we turn our attention to Indiana Judicial Conduct Canon 2.11, which provides as follows:

> (A)     A judge shall disqualify himself or herself in any proceeding in which the judge's impartiality might reasonably be questioned, including but not limited to the following circumstances:
>
> ***
>
> (6)     The judge:
>
> (a)     served as a lawyer in the matter in controversy, or was associated with a lawyer who participated substantially as a lawyer in the matter during such association . . . .

Chaney asks us to find that the fact that Judge Apsley was the elected prosecutor at the time Chaney was convicted of two of the offenses underlying

the habitual offender finding means that Judge Apsley served as a lawyer in the "matter in controversy." As a result, Chaney insists that Judge Apsley should not have presided over the sentencing phase of the proceedings.

[8]  In *Rankin v. State*, our Supreme Court affirmed a trial judge's denial of a motion to recuse where the judge had served as the prosecutor for one of the defendant's prior convictions used to support a habitual offender allegation. 563 N.E.2d 533 (Ind. 1990). The *Rankin* Court reasoned that recusal would have been required only if the defendant's connection to the prior convictions had been disputed, for in that case the trial judge might have been called as a witness. *Id.* at 536.

[9]  Along the same lines, this Court found that a trial judge was not required to recuse himself where he had been the prosecutor in one of the cases relied on to establish the defendant's habitual offender status. *Jackson v. State*, 33 N.E.3d 1173, 1178 (Ind. Ct. App. 2015), *summarily aff'd in relevant part*, 50 N.E.3d 767, 770 n.1 (Ind. 2016). The *Jackson* Court looked to *Dishman v. State*, 525 N.E.2d 284 (Ind. 1988), which concerned a similar factual situation. In *Dishman*, our Supreme Court held as follows:

> In this situation, the trial judge would have erred had there been any factual contesting of the prior convictions. However, such was not the case here. Once the certified convictions were presented to the jury, the determination of the status as habitual criminal was virtually a foregone conclusion. There is no indication in this situation that the trial judge's personal knowledge of appellant's prior convictions in any way played a

part in the jury's determination as to the status of habitual offender.

*Id.* at 285. In *Jackson*, the defendant likewise did not contest the evidence of the prior convictions supporting the habitual offender adjudication. Consequently, the trial court did not err by denying the motion for change of judge. 33 N.E.3d at 1178-79.

[10] Chaney argues that this line of cases, beginning with *Dishman* and *Rankin*, has been superseded by the Indiana Code of Judicial Conduct, which was adopted in 1993. Whether or not that is accurate, we find that the analysis contained in these cases is still relevant and sound. The starting point must be that the "matter in controversy" referenced by Judicial Conduct Rule 2.11 is the criminal proceeding being litigated. To bring a different case under the "matter of controversy" umbrella, at the very least, there must be a dispute creating a controversy—otherwise, there would be no need to recuse. Therefore, where the defendant is not contesting the evidence of the prior convictions supporting the habitual offender adjudication, those convictions are not the "matter in controversy[.]" Ind. Judicial Conduct Rule 2.11(A)(6)(a).

[11] Here, Chaney does not contest the evidence of his prior convictions. Consequently, Judge Apsley was not required to recuse himself from the habitual offender adjudication (though he chose to do so out of an abundance of caution), much less the sentencing phase after the adjudication had already occurred.

Additionally, we note that this Court has described a dearth of authority to support the notion that a judge may be qualified to preside over a jury trial yet disqualified for purposes of sentencing. *Sisson v. State*, 985 N.E.2d 1, 19 (Ind. Ct. App. 2012) (holding that a judge's prior time as prosecutor did not require recusal from sentencing the defendant), *trans. denied*. As Judge Apsley was unquestionably authorized to preside over the trial, we decline to find that he was unqualified to preside over sentencing. For multiple reasons, therefore, we find no error in Judge Apsley's decision to preside over Chaney's sentencing hearing.

## II. Sufficiency

Next, Chaney argues that the evidence underlying the habitual offender adjudication is insufficient to support the finding. In reviewing the sufficiency of the evidence, we will not reweigh the evidence, instead viewing the evidence in the light most favorable to the jury's verdict. *Toney v. State*, 715 N.E.2d 367, 369 (Ind. 1999).

To establish that Chaney is an habitual offender, the State was required to prove beyond a reasonable doubt that he had been convicted of two prior unrelated felonies. Ind. Code § 35-50-2-8 (2013). The sentencing for the first felony must have preceded the commission of the second felony; and the sentencing for the second felony must have preceded the commission of the instant felony for which the enhanced sentence is being sought. *Toney*, 715 N.E.2d at 369.

[15] Chaney does not dispute that he was sentenced for two class D felonies on January 27, 2005. State's Ex. 8. He also does not dispute that he was sentenced for another class D felony on April 16, 2013. State's Ex. 10. Similarly, he does not dispute that the date on which he committed the latter felony was between January 1 and June 1, 2011—years after he was sentenced on the first two felonies. Chaney's sole argument is that there is insufficient evidence establishing that he committed an act of child molestation after April 16, 2013, when he was sentenced on the most recent felony conviction.

[16] We disagree. As a general matter, P.L.C. testified that Chaney molested her every week, often twice a week, and continued to do so until she was removed from his care and custody in early 2014. Tr. p. 398-99. More specifically, she also testified that among the locations where the molestations took place was the trailer home owned by her uncle. *Id.* at 408. A Department of Child Services (DCS) employee also testified. This individual had looked through the DCS computer system and determined that the family had lived at that trailer home between May 7 and August 30, 2013. *Id.* at 499. We find that this evidence is sufficient to establish that Chaney committed at least one act of molestation after April 16, 2013. Chaney's arguments to the contrary amount to a request that we reweigh evidence and assess witness credibility—a request we decline.

# III. Sentencing

Finally, Chaney argues that the sentence imposed by the trial court is inappropriate in light of the nature of the offenses and his character. Indiana Appellate Rule 7(B) provides that this Court may revise a sentence if it is inappropriate in light of the nature of the offense and the character of the offender. We must "conduct [this] review with substantial deference and give 'due consideration' to the trial court's decision—since the 'principal role of [our] review is to attempt to leaven the outliers,' and not to achieve a perceived 'correct' sentence . . . ." *Knapp v. State*, 9 N.E.3d 1274, 1292 (Ind. 2014) (quoting *Chambers v. State*, 989 N.E.2d 1257, 1259 (Ind. 2013)) (internal citations omitted).

For the class A felony conviction, Chaney faced a sentence of twenty to fifty years, with an advisory term of thirty years. Ind. Code § 35-50-2-4 (2013). The trial court imposed a term of forty-three years, with three years suspended. For the class C felony conviction, Chaney faced a sentence of two to eight years, with an advisory term of four years. I.C. § 35-50-2-6 (2013). The trial court imposed a maximum term of eight years imprisonment, but ordered that it be served concurrently with, rather than consecutively to, the class A felony sentence. For Chaney's status as an habitual offender, the trial court was required to enhance the sentence by at least the advisory term for the underlying offense, meaning thirty years for the class A felony. I.C. § 35-50-2-8(h) (2013). Thirty years is also the maximum possible enhancement. Therefore, the trial

court imposed the required enhancement of thirty years, for an aggregate term of seventy-three years with three years suspended.

[19] The abhorrent nature of Chaney's offenses can scarcely be overstated. He preyed on his own daughter beginning when she was four or five years old. He violated her in essentially every way possible, up to and including vaginal and anal intercourse. He forced her to tell him that "I want you" and "I love you" and called her derogatory names. Tr. p. 403-04. Moreover, these despicable acts occurred weekly, sometimes more than once a week, for *years*. As a result of this trauma, P.L.C. sees a therapist and suffers from bed-wetting and nightmares. In our view, given the nature of these offenses, the trial court showed admirable restraint in refraining from imposing the maximum possible term. The nature of the offenses does not aid Chaney's Rule 7(B) argument.

[20] As for Chaney's character, he has prior convictions for theft (twice), receiving stolen property, domestic battery, and resisting law enforcement. Altogether, he has three prior felony and four prior misdemeanor convictions. He has been placed on probation multiple times but has yet to successfully complete any term of probation. It is apparent that Chaney is unable or unwilling to conform his behavior to the laws of society and that he has a general disrespect for his fellow citizens. In short, his character does not aid his Rule 7(B) argument. We do not find the sentence imposed by the trial court to be inappropriate in light of the nature of the offenses and Chaney's character.

The judgment of the trial court is affirmed.

Mathias, J., and Pyle, J., concur.