Willie JACKSON, Appellant
(Defendant Below),

v.

STATE of Indiana, Appellee
(Plaintiff Below).

No. 45S00–8809–CR–827.

Supreme Court of Indiana.

Nov. 30, 1989.

Nathaniel Ruff, Appellate Div., Lake Superior Court, Crown Point, for appellant.

Linley E. Pearson, Atty. Gen., Jane A. Morrison, Deputy Atty. Gen., Indianapolis, for appellee.

DICKSON, Justice.

The defendant, Willie Jackson, was convicted of robbery, a Class B felony, and was determined to be a habitual offender.

 In this direct appeal, the defendant in his sole issue contends that the State failed to prove the required sequence of prior felonies that formed the basis of the habitual offender determination. We agree. An essential element of a habitual offender determination is proof that a second predicate felony was unrelated in that it was committed subsequent to the date of sentencing for the first predicate felony. *Henderson v. State* (1989), Ind., 534 N.E.2d 1105, 1109. Failure to prove this element requires that the habitual offender determination be vacated. *Id.*

The evidence shows that the defendant's first predicate felony sentence was imposed on October 29, 1973. In 1978, the defendant was convicted and sentenced for the offenses of assault to murder and assault on a law enforcement officer with a deadly weapon. These convictions collectively constitute the second predicate offense for the habitual offender charge.

Conceding that it did not present evidence of the date of commission for the 1978 convictions, the State contends that the required sequence can be inferred. It argues that the defendant's admission that he served approximately nine years of his fifteen-year sentence for the 1973 conviction, combined with the date of arrest for the second predicate offense (August 13, 1976), the length of time between the two convictions, and the fact both offenses occurred in Alabama, together constitute evidence sufficient to support a reasonable inference that the defendant committed the second offense while in prison and, thus, subsequent to the 1973 sentencing.

We disagree. The evidence does not exclude the possibility that the defendant's arrest in 1976, and subsequent conviction in 1978, resulted from an offense committed prior to October 29, 1973. We therefore find the evidence insufficient to support the habitual offender determination.

In the present case, the defendant's sentence of imprisonment for fifty years included the presumptive sentence of ten years for the Class B felony conviction, enhanced by ten additional years for aggravating circumstances specified in the trial court's sentencing statement, and further enhanced by thirty years for the habitual offender determination. Because there is thus no possibility that the trial court may have imposed a reduced sentence on the underlying felony because of the mandatory habitual offender enhancement, it is not necessary to remand this case for resentencing · in accordance with *Phillips v. State* (1989), Ind., 541 N.E.2d 925; *Henderson*, 534 N.E.2d 1105; and *Coble v. State* (1988), Ind., 523 N.E.2d 228.

This cause is remanded to vacate the habitual offender determination and to accordingly correct the sentence imposed.

SHEPARD, C.J., and De BRULER, GIVAN, and PIVARNIK, JJ., concur.