Earl JACKSON, Defendant–Appellant,

v.

STATE of Indiana, Plaintiff–Appellee.

No. 49S00–9701–CR–001.

Supreme Court of Indiana.

July 21, 1998.

Lesa Lux Johnson, Indianapolis, for defendant-appellant.

Jeffrey A. Modisett, Attorney General of Indiana, Christopher L. LaFuse, Deputy Attorney General, Indianapolis, for plaintiff-appellee.

DICKSON, Judge.

The defendant, Earl Jackson, was convicted for the January 13, 1995 murder[1] of Derik Hale and sentenced to fifty-five years imprisonment. In this direct appeal, he asserts the following as trial court errors: (1) exclusion of testimony of the defendant's statements; (2) admission of evidence pertaining to the defendant's shoes; and (3) improper sentence. We affirm.

The defendant contends that the trial court erroneously excluded testimony from Jose Shelby about the defendant's statements hours after the crime. Admissibility determinations by the trial court are reviewed for abuse of discretion and will be reversed "only where the decision is clearly against the logic and effect of the facts and circumstances." *Joyner v. State*, 678 N.E.2d 386, 390 (Ind.1997). The State objected to the testimony on hearsay grounds, and defense counsel argued that the evidence should be admitted under either the present sense impression or state of mind exceptions.[2] When the trial court sustained the State's objection, defense counsel preserved the error by an offer to prove. Shelby stated in the offer to prove that, hours after the crime, when the defendant heard of the victim's death, the defendant stated that he did not mean to kill the victim.

Hearsay is admissible under the present sense impression rule when the statement describes or explains "a material event, condition or transaction, made while the declarant was perceiving the event, condition or transaction, or immediately thereafter." Ind.Evidence Rule 803(1). The defendant claims that his statement was relevant to his intent at the time of the crime. Because admission of the statement seeks to describe or explain the "material event" of the crime, the statement must have been made during the commission of the crime or immediately thereafter. The record reveals that the defendant's statement was not made until hours later, after the defendant heard about the victim's death, not immediately after the commission of the crime. Therefore, the trial court did not abuse its discretion in refusing to admit the evidence under the present sense impression exception.

Second, the defendant argues that the hearsay was admissible under the state of mind exception to the hearsay rule. Such statements are admissible when they pertain to "the declarant's then-existing state of mind, emotion, sensation, or physical condition (such as intent, plan, motive, design, mental feeling, pain and bodily health), but not including a statement of memory or belief to prove the fact remembered or believed." Ind.Evidence Rule 803(3). The rule requires that the statement relate to the declarant's *then-existing* state of mind. The defendant's statement hours after the crime was not indicative of his then-existing state of mind, but referred to his intention at the time of the crime. This is an inadmissible statement of memory offered after the fact to prove the fact remembered, i.e., that the

---

1. Ind.Code § 35–42–1–1 (1993).

2. The defendant notes in his brief that trial counsel argued that the statements ought to be admissible under Indiana Evidence Rule 106, but does not make any separate argument in his brief as to this claim. Therefore, we will not address it.

Further, he contends that defense counsel also objected on excited utterance grounds. However, our review of the record discloses that no such objection was made. A defendant may not object on one ground at trial and raise another on appeal; any such claim is waived. *Bradford v. State*, 675 N.E.2d 296, 302–03 (Ind.1996).

defendant did not intend to kill the victim. As such, the trial court did not abuse its discretion in finding that the evidence was not admissible under the state of mind exception.

The trial court did not abuse its discretion in excluding the evidence relating to the defendant's statements after learning of the victim's death.

The defendant next contends that the trial court erred in admitting evidence regarding shoes taken from the defendant and matched to an imprint left on the victim's body. He argues that the evidence was inadmissible because the shoes were not seized until several months after the crime and there was no foundation to establish that those were the same shoes the defendant had on at the time of the crime.

■ Assuming without deciding that the admission of this evidence constituted error, it would be harmless error. Even when an error has occurred, we will only reverse if the error is inconsistent with substantial justice. Ind.Trial Rule 61. Here the uncontradicted evidence established that the defendant repeatedly struck and kicked the victim, hard enough that the victim died within minutes of the attack. We fail to see how the additional shoe imprint evidence was inconsistent with substantial justice.

The defendant further contends that he was improperly sentenced because the trial court considered inadmissible evidence and used improper aggravating factors during the sentencing, arguing that, without this inadmissible evidence and improper aggravators, the mitigators would have outweighed the aggravators.

The defendant's admissibility arguments claiming violation of various rules of evidence fail because the rules of evidence, other than those concerning matters of privilege, do not apply during sentencing proceedings. Ind.Evidence Rule 101(c)(2). Thus, these claims fail.

As to the defendant's contention that the trial court used improper aggravating factors, he claims that the trial court improperly relied upon evidence of the defendant's in-volvement in a gang and upon a material element of the offense as aggravating factors.

■ Regarding the defendant's gang involvement, Detective Sitton testified during sentencing that, while incarcerated pending trial, the defendant and others of the same gang attacked another inmate of a different gang. Specifically, they forced the victim to drink urine, they urinated on him and his sleeping mat, threw hot water on him, and the defendant forced him to lick a piece of paper on which the defendant had ejaculated. Record at 979. During the sentencing colloquy, the trial court made several statements regarding the defendant's gang involvement. The trial court noted that, under the sentencing statute, it:

> [M]ust consider ... [t]he risk the person will commit another crime. That I do not know. I cannot tell that to a certainty and no sentencing judge may to a certainty, except that if what [the gang victim] told Detective Sitton is accurate, Defendant did commit another crime.... The membership or apparent membership while [the defendant's] been in jail in the gang—I say "the gang"—in a gang appears to be clear.... For purposes of appeal, let me say that I find that, as a result of this hearing, that at least today, or in February or March of this year, I am convinced—if it takes beyond a reasonable doubt, I am convinced beyond a reasonable doubt that [the defendant] is a gang member.... I don't know how else to say it, but I want to let you [sic] that I'm considering it.

Record at 1081–82, 1084, 1087–89.

The defendant's criminal gang actions were considered as a part of the risk that he could commit another crime, a mandatory consideration under the sentencing statute. IND.CODE § 35–38–1–7.1(a)(1) (1993). These actions also could be considered as evidencing a history of criminal or delinquent activity, likewise a proper aggravating circumstance for the imposition of an enhanced sentence. IND.CODE § 35–38–1–7.1(b)(2) (1993). There was no error in considering the defendant's gang activities while incarcerated.

We also reject the defendant's contention that the trial court's sentencing decision was erroneously based on a material element of the offense as an aggravator. The particular manner in which a crime is committed may constitute an aggravating factor. *Johnson v. State*, 687 N.E.2d 345, 347 (Ind.1997); *Widener v. State*, 659 N.E.2d 529, 532 (Ind.1995). The trial court specifically discussed how the particular manner of the beating warranted an aggravated sentence by stating that it involved a "chase, a beating, a stomping of a helpless individual, who, at least, became helpless during the course." Record at 1082. "This wasn't a one strike, stab, or a one pull of the trigger. This was a prolonged beating, stomping, and the worst part about it is the last portion thereof, Mr. Hale was not moving, Mr. Hale was unconscious, Mr. Hale was dying, and it continued." Record at 1085. We are convinced that the trial court did not merely repeat an element of the offense but instead considered the particular manner in which the murder was committed.

As to the defendant's final contention, that the mitigators should outweigh the aggravators, we first note that sentencing decisions are reviewed only for an abuse of discretion. *Archer v. State*, 689 N.E.2d 678, 683 (Ind.1997). One aggravator alone is sufficient to warrant an enhanced sentence. *Fugate v. State*, 608 N.E.2d 1370, 1374 (Ind. 1993). Here the trial court found, in addition to gang participation and the manner in which the crime was committed, that the relative sizes of the defendant and the victim and the fact that the defendant was one of two people who took part in the attack on the lone victim, constituted aggravating factors. The trial court then found that the age of the defendant and the fact that he obtained his GED while incarcerated constituted mitigating factors. We do not perceive an abuse of discretion in enhancing the defendant's sentence based on this balance of aggravators and mitigators.

However, there is a potential problem with the sentence based on our holding in *Smith v. State*, 675 N.E.2d 693 (Ind.1996). In that case, in the face of two contradictory statutes, we held that, when sentencing for murders committed between July 1, 1994 and May 5, 1995, trial courts must employ the statute which prescribes a forty year presumptive sentence and allows an enhancement of up to twenty years. *Id.* at 697. Here it is quite clear that the trial court believed that it was to use the simultaneously-existing statute which established a fifty year presumptive sentence with a ten year maximum enhancement. The trial court then weighed the aggravators and mitigators and added five years for a total of fifty-five years. However, in situations where we believed the trial court showed a clear intent to impose a specific term of imprisonment, we have affirmed in spite of the use of the erroneous presumptive sentence, as the maximum sentence under either statutory scheme is sixty years. *Beason v. State*, 690 N.E.2d 277, 285 n. 21 (Ind.1998) (finding remand unnecessary as trial court's intent to impose maximum sentence was clear); *Birdsong v. State*, 685 N.E.2d 42, 47 n. 2 (Ind. 1997) (same). Here we find that the trial court indicated an intent to impose a sentence five years less than the maximum sentence, and thus affirm the sentence of fifty-five years.

The judgment of the trial court is affirmed.

SHEPARD, C.J., and SELBY, J., concur.

BOEHM, J., concurs and dissents with separate opinion in which SULLIVAN, J., concurs.

BOEHM Justice, concurring and dissenting.

I concur in the affirmance of the conviction, but dissent from the majority's view that the sentence must be affirmed. I cannot divine from this record whether the trial court intended to impose 5 years more than the correct presumptive sentence (45 years), or 5 years less than the maximum (55 years). Accordingly, I believe a new sentencing hearing is required.

SULLIVAN, J. concurs.