**Darrell TONEY, Appellant**
**(Defendant Below),**

v.

**STATE of Indiana, Appellee**
**(Plaintiff Below).**

No. 49S00–9804–CR–202.

Supreme Court of Indiana.

Aug. 20, 1999.

**368**

Michael Gene Worden, Indianapolis, Indiana, Attorney for Appellant.

Jeffrey A. Modisett, Attorney General of Indiana, Chris Worden, Deputy Attorney General, Indianapolis, Indiana, Attorneys for Appellee.

SHEPARD, Chief Justice.

A jury found appellant Darrel Toney guilty of dealing in cocaine within 1,000 feet of a public park[1] and of possession of cocaine within 1,000 feet of a public park.[2] The jury also found Toney to be a habitual offender.[3] The court merged the possession conviction into the dealing conviction and sentenced him to a total of sixty years—thirty years for dealing enhanced by thirty years for his habitual offender status. In this direct appeal, Toney contends that there was insufficient evidence to support the convictions and the habitual offender finding. We disagree.

### Factual Background and Procedural History

On the night of October 6, 1997, the Indianapolis Police Department conducted an undercover drug operation. John McGavock, a seasoned police informant, was wired with a transmitter and given a police radio along with a previously photocopied twenty dollar bill to be used as "buy money." McGavock then set out in a furnished car to buy some drugs.

A man approached McGavock and offered to sell him cocaine. McGavock expressed his interest and asked for a "twenty."[4] McGavock handed the man the twenty dollar bill in exchange for a small plastic bag containing a yellow rock-like substance. After the exchange, McGavock drove off and radioed the police a description of the salesman. Shortly thereafter, the police apprehended Toney. McGavock then drove by the site of apprehension and signaled to the police that the man in custody was indeed the person who sold him the cocaine. McGavock gave the rock-like substance to a detective, who had it tested to confirm that it was cocaine.

At a second phase of the trial, the State presented evidence of two prior convictions: burglary and carrying a handgun without a license. As with the two drug charges, the jury found that the State had proven Toney was a habitual offender.

### I. Sufficiency of Drug Offenses Evidence

Toney bases his argument about the drug convictions on the circumstances surrounding the exchange of the money and drugs. He claims that due to an inadequate pre-buy search of the informant, a jury could have reasonably believed that McGavock had the cocaine in his possession before he encountered Toney. He argues that the State failed to establish beyond a reasonable doubt that McGavock did not fake the entire transaction.

The standard of review in sufficiency of evidence claims is firmly established. "On appeal, this Court does not reweigh the evidence nor judge the credibility of the witnesses, but instead looks to the evidence most favorable to the verdict and to all the reasonable inferences to be drawn therefrom." *Brooks v. State*, 560 N.E.2d 49, 53 (Ind.1990). In other words, we will affirm the conviction if the admitted evidence contains adequate probative value from which

---

1. Ind.Code Ann. § 35–48–4–1(b) (West Supp. 1997).

2. Ind.Code Ann. § 35–48–4–6(b) (West Supp. 1997).

3. Ind.Code Ann. § 35–50–2–8 (West Supp.1997).

4. A "twenty" is the street term for a twenty dollar rock of cocaine. (R. at 234.)

the jury could infer guilt beyond a reasonable doubt. *Id.* Moreover, the uncorroborated testimony of one witness may be sufficient by itself to sustain a conviction on appeal. *Lawhorn v. State,* 452 N.E.2d 915 (Ind.1983).

■ The evidence here was clearly sufficient to support the jury's finding of guilt. The informant, McGavock, identified Toney at the scene and again at trial. McGavock's uncorroborated testimony alone is sufficient to sustain Toney's conviction. *Lawhorn,* 452 N.E.2d at 919. In addition, Toney had the twenty dollars of "buy money" in his possession at the time of his arrest. There is no suggestion of how he otherwise acquired it.

Toney argues that the circumstances surrounding the purchase of cocaine suggest that the "buy" was faked. His contention is unavailing. Our Court will not reassess the credibility of a witness nor reweigh testimony. *Brooks,* 560 N.E.2d at 53. McGavock's testimony indicates that the sale was authentic. The jury's assessment of him and the evidence he offered should stand. Viewed in the light most favorable to the verdict, McGavock's testimony coupled with Toney's possession of the "buy money" was more than sufficient for the jury to convict Toney.

## II. Sufficiency of the Habitual Offender Evidence

■ To establish that Toney is a habitual offender, the State must have proved beyond a reasonable doubt that he had been convicted of two separate and unrelated felonies. *Jackson v. State,* 546 N.E.2d 846 (Ind.1989). "Unrelated" does not mean that the earlier felonies must be of a different nature, "but is interpreted as [though] the felonies are not related to the instant felony conviction in the sense that they are not connected as part of the res gestae of the current crime." *State v. Dennis,* 686 N.E.2d 901, 904 (Ind.Ct.App.1997). The commission of the

second felony must be subsequent to the sentencing of the first and the sentencing for the second felony must precede the commission of the principal felony for which the enhanced sentence is being sought. *Webster v. State,* 628 N.E.2d 1212 (Ind.1994).

■ Again, because this is a sufficiency question, we do not reweigh the evidence but instead look at the evidence in the light most favorable to the verdict. *Harmer v. State,* 455 N.E.2d 1139 (Ind.1983). A habitual offender determination must be vacated, however, if the appellate court deems the evidence insufficient to support the finding. *Webster,* 628 N.E.2d at 1215.

■ The evidence clearly demonstrates that Toney was convicted of carrying a handgun without a license on March 14, 1997.[5] Toney contends however, that the evidence used to demonstrate a 1991 burglary conviction was insufficient. To prove the 1991 conviction, the State offered multiple documents, including a sheet of "sentencing hearing minutes," Exhibit 12. Toney says that because Exhibit 12 does not have a fully detailed cause number, and since it does not have his name on it, it is inadequate to support the jury's finding of one of the convictions required by the habitual offender statute.[6] Toney is mistaken.

At trial, an Indianapolis Police Department employee, Theresa Bockbrader, testified that cause numbers in Marion County courts are abbreviated. She further testified that the number challenged by Toney, 91060281, is the shortened form of cause number 49G02–9105–CF–060281 which appears on State's Exhibit 11, an information charging Darrell L. Toney, a black male, birth date 8/22/63, with burglary. Viewing Bockbrader's testimony in the light most favorable to the verdict, we conclude that the jury could rightly infer Toney's conviction in the prior burglary.[7]

5. State's Exhibit 9, an information filed in Marion Superior Court, states that Darrel[l] L. Toney, a black male, birth date 8/22/63 (same as appellant in the present case), was charged with carrying a handgun without a license. (R. at 406.) State's Exhibit 10, an abstract of judgment, lists the cause number 49–G03–9608–CF–111870 in Marion Superior Court. (R. at 419.) The same cause number is found on State's Exhibit 9.

6. In reference to whom the document pertains, Exhibit 12, the sentencing hearing minute sheet, shows only a date, 8/30/91, and a numerical sequence 91060281. (R. at 421.)

7. Indeed, the abbreviation testimony can be corroborated by other evidence demonstrating the same procedure. State's Exhibit 8a, an arrest report from the Indianapolis Police Department, shows a Booking Case No. 96111870. (R. at

Toney's contention that the document is insufficient because it does not have his name on it is equally unconvincing. The same abbreviated number is also on a Marion County arrest report detailing Toney's arrest for burglary and possession of stolen property.[8] Moreover, Bockbrader testified that a thumbprint she took of Toney before the habitual offender phase of the trial was identical to the thumbprint on the arrest report. (R. at 388, 400–01.) A reasonable jury could certainly find that the thumbprints and the same numerical sequence were sufficient to prove that the individual discussed in the documents was the present appellant, Darrell Toney. The evidence was sufficient to support Toney's habitual offender enhancement.

### Conclusion

We affirm the judgment of the trial court.

DICKSON, SULLIVAN, SELBY, and BOEHM, JJ., concur.

---

398.) State's Exhibit 9, an information charging Toney for the arrest illustrated in 8a, lists the cause number in its elongated form, 49G039608CF111870. (R. at 406.)

8. The duplicate numerical sequence on State's Exhibits 7 and 12 was 91060281. State's Exhibit

7, the arrest report, lists the arrested as Darrel Lamont Toney, birth date 8/22/63. The report also lists Toney's social security number. The report clearly demonstrates that the individual detailed in the document and the appellant in this case are the same.