**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Jul 25 2012, 9:28 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**MATTHEW J. MCGOVERN**
Evansville, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**GEORGE P. SHERMAN**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| BEN J. DAVIS, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 22A04-1107-CR-372 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE FLOYD SUPERIOR COURT
The Honorable Susan L. Orth, Judge
Cause No. 22D01-0903-FB-592

**July 25, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BARNES, Judge**

**Case Summary**

Ben Davis appeals his conviction and sentence for dealing in cocaine as a Class B felony and his status as an habitual substance offender. We affirm.

**Issues**

Davis raises three issues on appeal, which we restate as:

    I.     whether the trial court properly admitted a recording of the drug transaction;

    II.    whether the evidence is sufficient to sustain the jury's finding that Davis is an habitual substance offender; and

    III.   whether his sentence is inappropriate.

**Facts**

On March 15, 2009, Charles Benton, a confidential informant, spoke to Officer Jeff McKinley of the New Albany Police Department. Benton informed Officer McKinley that Benton could buy cocaine and marijuana from Davis. On March 16, 2009, Benton called Davis and arranged to purchase the cocaine and marijuana. Benton and Officer McKinley agreed that Benton would wear a concealed recording device during the drug transaction. A concealed video camera was also installed in the floor board of Benton's car.

Officer McKinley followed Benton to the location of the transaction. Officer McKinley saw Davis get into Benton's car. Dale Peters then got into the car, and the three men completed the transaction. While in the car, Davis said, "the dope's right

2

there." Supp. Tr. p. 7. Davis also said, "I'm getting you hooked up, man. This is some straight up melt . . . .shit ain't gotta be recooked or nothing. Where's my money at?" Id. at 8. Peters was also recorded during the transaction. Police then arrested Davis and Peters.

At the time of arrest, Davis was sitting in the front seat of the vehicle, and the police found the money provided to Benton for the transaction in the front seat as well. Davis had two crack pipes on his person. Davis was advised of his rights, and he confessed that he had arranged to deal cocaine and marijuana to Benton. Davis stated that he had contacted Peters to get the cocaine and was planning on obtaining marijuana from another person to sell to Benton.

On March 17, 2009, the State charged Davis with Count I, dealing in cocaine as a Class B felony, and Count II, possession of paraphernalia as a Class A misdemeanor. On May 12, 2009, the State amended the charging information to add Count III, the habitual substance offender enhancement. On February 17, 2011, the State amended the information a second time and dismissed Count II.

Davis's bifurcated jury trial was held in February 2011. During the trial, the State offered into evidence the recording of the transaction, which included the voices of Peters, Davis, and Benton. The State played the recording for the jury three times. Davis objected to the recording of the transaction being admitted. Davis claimed that the recording included hearsay evidence because Peters could be heard on the tape but was not present for cross-examination. The jury was also instructed on aiding and abetting,

which was the State's theory of the case. The State sought to prove that Davis aided Benton in the purchase of drugs by contacting Peters and arranging the meeting.

Davis was found guilty of dealing in cocaine as a Class B felony and was found to be an habitual substance offender. Davis was sentenced to twenty years enhanced by three years for his status as an habitual substance offender, for an aggregate sentence of twenty-three years. Davis now appeals.

**Analysis**

*I. Admission of Recording*

Davis argues that the trial court erred by admitting hearsay evidence in the form of Peters's recorded statements. On the recording, Peters said, "You got the bills?" and "I got you right here, man . . . .break me off something. Yeah that's it." Supp. Tr. p. 10-11. Peters also said, "You gonna get from me, that's how I do business." Id.

A trial court has broad discretion in ruling on the admissibility of evidence, and its ruling will be disturbed only when it is shown that the trial court abused its discretion. Turner v. State, 953 N.E.2d 1039, 1045 (Ind. 2011) (citing Griffith v. State, 788 N.E.2d 835, 839 (Ind. 2003)). An abuse of discretion occurs when the trial court's decision is clearly against the logic and effect of the facts and circumstances before it. Jackson v. State, 697 N.E.2d 53, 54 (Ind. 1998).

Any error in the admission of evidence is to be disregarded unless it affects the substantial rights of a party. Turner, 953 N.E.2d at 1059. In considering the evidentiary ruling on a defendant's substantial rights, a reviewing court looks to the probable impact

4

on the fact finder.  Id.  The improper admission is harmless error if the conviction is supported by substantial evidence of guilt satisfying the reviewing court there is no substantial likelihood that the challenged evidence contributed to the conviction.  Id.

Davis claims, "The statements in no way further any alleged agreement between Peters and Davis."  Appellant Br. p. 14.  The State claims that Peters's statements were merely cumulative of what Davis had said.  We decline to evaluate these issues and find if any error occurred as a result of the admission of Peters's recorded statements it was harmless.

Overwhelming evidence exists as to Davis's guilt in this offense.  He made multiple recorded comments during the drug transaction that indicated his participation in the transaction.[1]  Davis claims that Peters was the culprit in the instant offense, but it is apparent from these recordings that Davis had a significant role as a facilitator in the transaction.  Davis was sitting in the front, passenger seat of the car at the time of arrest.  The money given to Benton to facilitate the transaction was also found in the front, passenger seat.  Two crack pipes were found on Davis's person.  Finally, when Davis was arrested, he confessed to Officer McKinley that he had arranged to deal cocaine and marijuana to Benton.  Davis stated that he had contacted Peters in order to get the cocaine and was planning to obtain marijuana from another person to sell to Benton.  In light of

---

[1] Davis said, "The dope's right there," and "I'm getting you hooked up, man.  This is some straight up melt . . . .shit ain't gotta be recooked or nothing.  Where's my money at?"  Supp. Tr. p. 7-8.  At trial Officer McKinley testified that both "dope" and "melt" are slang terms for crack cocaine.  Tr. p. 90-92. Officer McKinley was a Drug Enforcement Agency special agent at the time of his testimony, and when a member of the New Albany Police Department, had received extensive training through the drug unit.

5

this evidence, any error that may have arisen from the admission of Peters's statements was harmless.

## II. Habitual Substance Offender Finding

Davis argues that there was insufficient evidence to determine his status as an habitual substance offender. For sufficiency claims, this court does not reweigh the evidence but rather looks at the evidence in the light most favorable to the verdict. White v. State, 963 N.E.2d 511, 518 (Ind. 2012) (citing Toney v. State, 715 N.E.2d 367, 369 (Ind. 1999)). If an appellate court deems the evidence insufficient, then an habitual offender classification must be vacated. Id. In proving a habitual offender classification, "The State must introduce into evidence proper certified and authenticated records of the defendant's prior felony convictions in order to prove beyond a reasonable doubt the existence of those prior convictions." Dexter v. State, 959 N.E.2d 235, 238 (Ind. 2012). A person is an habitual substance offender if the jury or the trial court finds that the state has proved beyond a reasonable doubt that the person has accumulated two prior unrelated substance offense convictions. Ind. Code § 35-50-2-10.

At trial, the State provided and the trial court admitted into evidence a certified copy of the record of Davis's 1993 judgment of conviction and sentence for illegal possession of cocaine and criminal trespass in Kentucky. The social security number and date of birth on the arrest report match those of Davis. A certified copy of Davis's 2006 judgment of conviction for possession of cocaine as a Class B felony in Floyd County was also admitted into evidence without objection. A probation officer from Floyd

6

County testified confirming Davis's identity as the person convicted in the 2006 judgment.

Davis challenges his Kentucky conviction although he pled guilty in that case and his plea was accepted. Davis claims that the trial court never entered a judgment of conviction because the language on the order granting him probation reads "rendition of judgment is withheld, and the defendant is placed on probation" for five years. Ex. 5 p. 10. However, the order is titled "Judgment of Conviction and Sentence," and the trial court imposed probation for five years, which requires the imposition of a judgment. Davis concedes that "there is no statutory provision empowering Kentucky courts to withhold judgment and then impose probation." Appellant Br. p. 22.

In fact, the language in the order is a form used by Kentucky courts to suspend sentences and impose probation. Flippins v. United States, 808 F.2d 16, 18 (6th Cir. 1987). The Kentucky order should be interpreted as imposing judgment against Davis but placing him on probation for five years instead of sentencing him to five years in prison.

Davis next claims that both the judgment of conviction from Kentucky and the judgment of conviction from Floyd County fail to adequately prove that he was the same person who committed the predicate offenses. Davis's social security number, name, and date of birth are the same on the Kentucky order. The Kentucky police reports align with the charging information and include the correct officer's name and cause number. See Heyen v. State, 936 N.E.2d 294, 302 (Ind. Ct. App. 2010) (finding that if the evidence

7

yields logical and reasonable inferences from which the finder of fact may determine beyond a reasonable doubt that it was the defendant who was convicted of the prior felony, then a sufficient connection has been shown). As for the Floyd County offense, Davis's photo appears in the probation records, and the probation officer stated that the Ben Davis on probation for that offense was the same Ben Davis who appeared in court as the defendant on the instant offense

The State introduced proper evidence to prove that Davis had two prior convictions for substance-related offenses. The State also proved that the defendant in the two prior cases was in fact Davis. There was sufficient evidence for the jury to determine that Davis was an habitual substance offender.

### III. Appropriateness

Davis argues that his sentence is inappropriate in light of the nature of the offense and the character of the offender. Indiana Appellate Rule 7(B) provides that we may revise a sentence authorized by statute if, after due consideration of the trial court's decision, we find that the sentence is inappropriate in light of the nature of the offense and the character of the offender. Although Rule 7(B) does not require us to be extremely deferential to the trial court, we still must give due consideration to that sentence. Rutherford v. State, 866 N.E.2d 867, 873 (Ind. Ct. App. 2007). We also recognize the unique perspective that the trial court provides in delivering its sentence. Id.

The principal role of Rule 7(B) review "should be to attempt to leaven the outliers, and identify some guiding principles for trial courts and those charged with improvement of the sentencing statutes, but not to achieve a perceived 'correct' result in each case." Cardwell v. State, 895 N.E.2d 1219, 1225 (Ind. 2008). We "should focus on the forest—the aggregate sentence—rather than the trees—consecutive or concurrent, number of counts, or length of the sentence on any individual count." Id. Whether a sentence is inappropriate ultimately turns on the culpability of the defendant, the severity of the crime, the damage done to others, and myriad other factors that come to light in a given case. Id. at 1224. When reviewing the appropriateness of a sentence under Rule 7(B), we may consider all aspects of the penal consequences imposed by the trial court in sentencing the defendant, including whether a portion of the sentence was suspended. Davidson v. State, 926 N.E.2d 1023, 1025 (Ind. 2010).

Davis brokered the cocaine transaction and assured Benton as to the purity and quality of the cocaine. Davis's actions in this offense are consistent with his criminal history, which began over two decades ago. Davis was convicted of criminal recklessness as a Class D felony in 1991, possession of cocaine in 1993, receiving stolen property as a Class D felony in 1993, driving while intoxicated as a Class A misdemeanor in 1993, criminal mischief as a Class A misdemeanor in 1994, theft as a Class D felony in 2002, and possession of cocaine as a Class B felony in 2006. Davis has also violated probation.

9

Davis argues that he is entitled to a reduction of his sentence based on <u>Nelson v. State</u>, 792 N.E.2d 588 (Ind. Ct. App. 2003). In <u>Nelson</u>, we revised the sentence where Nelson dealt less than a gram of cocaine to a third party and had an extensive criminal history. Davis points to the similarities between <u>Nelson</u> and the instant offense, but the cases are distinguishable. Nelson received an executed sentence of ninety years for dealing cocaine, conspiracy to commit dealing in cocaine, and being adjudicated as a habitual offender. We found the offenses in <u>Nelson</u> to be too closely related and therefore, found that consecutive sentences were inappropriate. We revised two cocaine-related sentences to run concurrently, which resulted in sixty years total. Here, the State did not charge Davis with conspiracy to deal cocaine. There was no consecutive sentencing issue, and Davis was sentenced for only one offense with the habitual substance offender enhancement attached. Also, Nelson was a habitual offender, and Davis was a habitual substance offender.

In light of Davis's extensive criminal history for similar offenses, we cannot say that his twenty-three year sentence for dealing in cocaine as a Class B felony and his status as an habitual substance offender is inappropriate.

## Conclusion

Any error in the admission of hearsay evidence in the recording of the drug transaction was harmless. There was sufficient evidence for the jury to determine that Davis was an habitual substance offender, and we find his sentence is not inappropriate. We affirm.

10

Affirmed.

FRIEDLANDER, J., and MAY, J., concur.