**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**

ATTORNEY FOR APPELLANT:

**PAULA M. SAUER**
Danville, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**NICOLE M. SCHUSTER**
Deputy Attorney General
Indianapolis, Indiana

FILED

Dec 11 2012, 9:49 am

CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| BRADLEY S. SATER, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 32A04-1204-CR-182 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE HENDRICKS SUPERIOR COURT
The Honorable David H. Coleman, Judge
Cause No. 32D02-1012-FA-2

December 11, 2012

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**DARDEN, Senior Judge**

Bradley Sater appeals his convictions for Class A felony dealing in methamphetamine, Ind. Code § 35-48-4-1.1 (2006), and Class C felony possession of methamphetamine, Ind. Code § 35-48-4-6.1 (2006). We affirm the dealing conviction and remand with instructions to vacate the possession conviction.

## ISSUES

Sater raises two issues, which we restate as:

I. Whether the evidence is sufficient to sustain his convictions.

II. Whether his convictions violate double jeopardy principles.

## FACTS AND PROCEDURAL HISTORY

Joshua Shumaker worked as a confidential informant to get his pending Class B felony drug charge reduced to a Class D felony. In July 2010, Shumaker met Detective Timothy Wells of the United Drug Task Force at the Plainfield Police Department to prepare for a controlled buy of methamphetamine from Sater. Detective Wells searched Shumaker and his vehicle and found no contraband. He then outfitted Shumaker with an audio/video recording device and gave him $550 in prerecorded buy money.

Detective Wells followed Shumaker to the Plainfield home of Sater's parents. Sater met Shumaker outside in the driveway, and they went through the garage and into the house. Inside, Shumaker gave Sater the buy money, and Sater gave him a plastic bag containing 6.62 grams of methamphetamine. Sater was holding a meth pipe and asked Shumaker to smoke with him. Shumaker was in the house for about five to seven minutes. Other than Sater, he did not see anyone else in the residence.

After Shumaker left the house, he met Detective Wells at a nearby carwash. Detective Wells took the bag of methamphetamine from Shumaker. Again, he searched Shumaker and his vehicle and found no other contraband. Shumaker gave Detective Wells a statement detailing his purchase from Sater.

In December 2010, the State charged Sater with Class A felony dealing in methamphetamine and Class C felony possession of methamphetamine. At trial, Detective Wells and Shumaker testified for the State, and the recording of the drug transaction was admitted into evidence and played to the jury. Sater testified in his own defense. He admitted that he was the person on the recording but claimed that he was holding a bag of marijuana and a marijuana pipe, not a bag of methamphetamine and a meth pipe. He also claimed that there were two other people in the house and that Shumaker must have obtained the methamphetamine from one of those people. No other witnesses testified for the defense.

The jury found Sater guilty as charged. The trial court entered judgments of conviction on both jury verdicts, merged the possession conviction into the dealing conviction, and sentenced Sater to twenty-five years for the dealing conviction. Sater now appeals.

<u>DISCUSSION AND DECISION</u>

I. SUFFICIENCY OF THE EVIDENCE

Sater contends that the evidence is insufficient to sustain his convictions. In reviewing a sufficiency of the evidence claim, we do not reweigh the evidence or assess the credibility of the witnesses. *Treadway v. State*, 924 N.E.2d 621, 639 (Ind. 2010).

3

Rather, we look to the evidence and reasonable inferences drawn therefrom that support the verdicts. *Id.* We affirm the convictions if there is probative evidence from which a reasonable jury could have found the defendant guilty beyond a reasonable doubt. *Id.*

In cases involving a controlled buy such as that presented here, the adequacy of the control goes to the weight of the evidence and credibility of the witnesses presented, which we may not reweigh. *Heyen v. State*, 936 N.E.2d 294, 302 (Ind. Ct. App. 2010), *trans. denied.* In addition, a conviction in a drug case may be sustained upon the testimony of an informant alone. *Haynes v. State*, 431 N.E.2d 83, 85 (Ind. 1982).

To convict Sater of possession of methamphetamine as charged here, the State had to prove beyond a reasonable doubt that Sater knowingly possessed three grams or more of methamphetamine without a valid prescription or order of a practitioner acting in the course of the practitioner's professional practice. Appellant's App. p. 11; *see* Ind. Code § 35-48-4-6.1(a), (b)(1)(A). To convict Sater of dealing in methamphetamine as charged here, the State had to prove beyond a reasonable doubt that Sater knowingly delivered three grams or more of methamphetamine. Appellant's App. p. 10; *see* Ind. Code § 35-48-4-1.1(a)(1)(C), (b)(1).

Sater does not challenge the identification of the substance recovered from Shumaker as methamphetamine or its weight. Instead, he claims that someone else in the house must have sold Shumaker the methamphetamine, and that the recording only shows Sater holding marijuana and a marijuana pipe. He points out that there is no evidence that the police watched all entrances to the residence during the transaction; multiple vehicles were parked at the residence at the time of the transaction, suggesting

4

other people were present; the recording showed Sater referring to seeds at the bottom of the bag, but the recovered bag of methamphetamine contained no seeds; and the buy money was not recovered.

These are merely requests for us to reweigh the evidence, which we may not do. *See Haynes*, 431 N.E.2d at 86 ("The fact that the informant was not actually seen entering the house was a factor for the jury to consider in weighing the evidence."). Here, Shumaker testified at trial that it was Sater who sold him the methamphetamine. This testimony alone is sufficient to sustain Sater's convictions for possession of and dealing in methamphetamine. *See Toney v. State*, 715 N.E.2d 367, 368-69 (Ind. 1999) (informant's uncorroborated testimony alone sufficient to sustain drug conviction despite appellant's claim involving adequacy of control). The jury also heard Detective Wells's testimony and viewed and listened to the recording of the transaction, which failed to demonstrate that there was anyone else in the house. It was for the jury to weigh this evidence against Sater's version of events. We conclude that the evidence is sufficient to sustain Sater's convictions.

## II. DOUBLE JEOPARDY

Sater next contends that his convictions violate double jeopardy principles. A defendant's constitutional rights are violated when a court enters judgment twice for the same offense, but not when a defendant is simply found guilty of a particular count. *Green v. State*, 856 N.E.2d 703, 704 (Ind. 2006). A double jeopardy violation occurs when judgments of conviction are entered and cannot be remedied by the "practical

effect" of concurrent sentences or by merger after conviction has been entered. *Gregory v. State*, 885 N.E.2d 697, 703 (Ind. Ct. App. 2008), *trans. denied*.

The 6.62 grams of methamphetamine Sater sold Shumaker serve as the basis for both the possession and dealing counts. The possession is thus a lesser included offense of the dealing. *See Micheau v. State*, 893 N.E.2d 1053, 1066 (Ind. Ct. App. 2008) (concluding that possession of methamphetamine is lesser included offense of dealing in methamphetamine where offenses are based on same drugs), *trans. denied*.

The trial court entered judgments of conviction for both possession and dealing. *See* Tr. p. 305 (oral sentencing statement); Appellant's App. pp. 120 (Judgment of Conviction, Sentencing Order, and Order of Commitment ("Judgment of Conviction")), 121 (Felony Sentencing Order), 123 (Abstract of Judgment). Although the court merged the possession conviction into the dealing conviction, this was not sufficient to remedy the double jeopardy violation. We therefore remand with instructions to vacate Sater's conviction for possession of methamphetamine. *See Gregory*, 885 N.E.2d at 703 (remanding with instructions to vacate conviction for conspiracy to deal in methamphetamine where trial court attempted to avoid double jeopardy violation by merging that conviction with dealing in methamphetamine conviction).

## CONCLUSION

For the reasons stated, we affirm Sater's dealing conviction and remand with instructions to vacate the possession conviction. We also direct the court to amend the Judgment of Conviction, Felony Sentencing Order, and Abstract of Judgment to show

conviction only on the dealing count and to send copies of these amended documents to the Department of Correction.

Affirmed in part and remanded with instructions.

RILEY, J., and BAILEY, J., concur.