**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED
May 30 2014, 10:09 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**MARK I. COX**
The Mark I. Cox Law Office, LLC
Richmond, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**ANGELA N. SANCHEZ**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| CHARLIE S. HINES III, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 89A05-1307-CR-362 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE WAYNE SUPERIOR COURT
The Honorable Gregory A. Horn, Judge
Cause No. 89D02-1109-FB-84

**May 30, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**MAY, Judge**

Charlie S. Hines, III, was convicted after a jury trial of two counts of dealing cocaine as Class B felonies.[1]  As there was sufficient evidence to sustain his conviction, we affirm.

## FACTS AND PROCEDURAL HISTORY

R.R. was a confidential informant with the Wayne County Drug Task Force.  On July 14, 2011, and July 21, 2011, she bought .46 and .30 grams of cocaine, respectively, from Hines.  Before each buy, R.R. contacted Hines to see if he had drugs available.  She then met with police, and a female officer searched R.R.'s clothes and body for drugs and paraphernalia.   After the search, R.R. was provided with audio and video recording equipment and cash.  Police dropped R.R. off near Hines' home and recorded her meeting with him.  After the buy, R.R. returned to the police vehicle and gave police the drugs she bought, and a female officer again searched R.R.

## DISCUSSION AND DECISION

Hines argues the Task Force did not thoroughly search R.R. and there was no "delivery" from Hines to R.R.  We disagree.

In reviewing sufficiency of evidence, we do not reweigh evidence or assess credibility of witnesses. *Treadway v. State*, 924 N.E.2d 621, 639 (Ind. 2010).  We look to the evidence and reasonable inferences drawn therefrom that support the verdict, and we will affirm the conviction if there is probative evidence from which a reasonable trier of fact could have found the defendant guilty beyond a reasonable doubt.

Ind. Code § 35-048-1-11 defines delivery as "an actual or constructive transfer from

---

[1] Ind. Code § 35-48-4-1.

2

one person to another" or "the organizing or supervising" of an actual or constructive transfer. R.R. testified that she purchased cocaine on two occasions from Hines and, during the transactions, "I gave the money to [Hines] and [Hines] gave the dope to me." (Tr. at 415.) Her uncorroborated testimony alone is sufficient to sustain Hines' conviction. *See Toney v. State*, 715 N.E.2d 367, 369 (Ind. 1999) (uncorroborated testimony of one witness may be sufficient by itself to sustain a conviction on appeal). Police officers also testified as to their procedures and searches of R.R., and there were audio and video recordings of each buy. Hines' arguments are invitations to reweigh the evidence, which we will not do. *See Heyen v. State*, 936 N.E.2d 294, 302 (Ind. Ct. App. 2010) ("Adequacy of control [over a drug purchase] goes to the weight and credibility of the evidence presented, which we will not reweigh."), *trans. denied*.

Affirmed.

KIRSCH, J., and BAILEY, J., concur.