## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Nov 20 2018, 9:46 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Mark Small
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Taylor C. Byrley
Angela N. Sanchez
J.T. Whitehead
Deputy Attorneys General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Gary Glaze,
*Appellant-Defendant,*

v.

State of Indiana,
*Appellee-Plaintiff*

November 20, 2018

Court of Appeals Case No.
18A-CR-1100

Appeal from the Montgomery
Superior Court

The Honorable Heather Barajas,
Judge

Trial Court Cause No.
54D01-1702-F5-339

**Baker, Judge.**

[1] Gary Glaze appeals his conviction for Level 6 Felony Battery Resulting in Moderate Bodily Injury,[1] arguing that the evidence was insufficient to support his conviction. Finding that the evidence was sufficient, we affirm.

[2] Glaze is an inmate in the Montgomery County Jail who, at the time of the incident, was housed in the same pod as Nicholas Summers. Summers was eighteen years old and suffered from autism and a learning disability. On January 25, 2017, Glaze got angry when he learned that Summers had Kool-Aid. Glaze threw Summers's mattress and told him to leave; Summers said no and put his mattress back on his bed. When Summers turned around, Glaze started to beat him, hitting his right eye multiple times with a closed fist. Glaze told Summers that if Summers reported the incident, Glaze would kill him.

[3] Deputy Christian Brown received a report that a fight had occurred. When he saw Summers, Summers was sobbing; his right eye was bleeding and swollen shut, and there was a "pretty good gash" on his right eyelid. Tr. Vol. II p. 46. Summers's injuries included lacerations and fractured bones.

[4] On February 7, 2017, Glaze was charged with Level 5 felony battery resulting in serious bodily injury and Level 6 felony battery resulting in moderate bodily injury. On August 8, 2017, Glaze entered into a plea agreement; on November 1, 2017, the trial court rejected the plea agreement. A jury trial then took place on April 3, 2018, after which the jury found Glaze guilty of Level 6 felony

---

[1] Ind. Code § 35-42-2-1(e)(1).

battery resulting in moderate bodily injury but not guilty of Level 5 felony battery resulting in serious bodily injury. Glaze admitted to being an habitual offender. During a May 1, 2018, sentencing hearing, the trial court sentenced Glaze to two years for his battery conviction and enhanced the sentence by four years for his status as an habitual offender, for an aggregate term of six years. Glaze now appeals.

[5] Glaze's sole argument on appeal is that the evidence is insufficient to support his conviction. Specifically, he contends that Summers's uncorroborated testimony was the only evidence that supported his conviction, thereby leaving open to reasonable doubt the identity of the assailant. When reviewing the sufficiency of the evidence to support a conviction, we must consider only the probative evidence and reasonable inferences supporting the conviction and will neither assess witness credibility nor reweigh the evidence. *Drane v. State*, 867 N.E.2d 144, 146 (Ind. 2007). We will affirm unless no reasonable factfinder could find the elements of the crime proved beyond a reasonable doubt. *Id.* The uncorroborated testimony of one witness may be sufficient by itself to sustain a conviction on appeal. *Toney v. State*, 715 N.E.2d 367, 369 (Ind. 1999).

[6] To convict Glaze of Level 6 felony battery resulting in moderate bodily injury, the State was required to prove beyond a reasonable doubt that Glaze knowingly or intentionally touched Summers in a rude, insolent, or angry manner that resulted in moderate bodily injury to Summers. I.C. § 35-42-2-1(e)(1).

[7] Summers testified that Glaze beat him up and caused his injuries. Specifically, he testified that Glaze was angry and shouted at him when Glaze discovered that Summers had Kool-Aid, that Glaze threw Summers's mattress around, and that Glaze called him names and told him to leave the cell. Summers stated that Glaze then hit his right eye multiple times with a closed fist. He positively identified Glaze as his assailant in a written statement shortly after he was discharged from the hospital. Summers's testimony alone was sufficient to satisfy the elements of the charge that the State was required to prove and to establish the identity of the assailant. Glaze's attempt to cast doubt on the identity of Summers's assailant is an attempt to reweigh the evidence and assess the credibility of the witnesses, which we may not do. The evidence was sufficient to support the conviction.

[8] The judgment of the trial court is affirmed.

May, J., and Robb, J., concur.